**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| JASON COMPTON, and all others similarly situated, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) | Civil Action Case No. 1:19-cv-33 _____ |
| GENERAL MOTORS LLC, | ) ) ) | |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, JASON COMPTON, individually and on behalf of all others similarly situated, and by and through the undersigned counsel, hereby sets forth his claims against Defendant GENERAL MOTORS LLC in this Class Action Complaint.

**NATURE OF THE ACTION**

1.      Plaintiff brings claims under the consumer protection laws of Florida against Defendant GENERAL MOTORS LLC ("GM").

2.      This action arises from the sale or lease of hundreds thousands of vehicles throughout Florida manufactured by Defendant GM that are equipped with defective braking systems. These defective braking systems were installed in all model year 2015 to present Cadillac Escalades, 2014 to present Chevrolet

1

Silverados, 2015 to present Chevrolet Suburbans, 2015 to present Chevrolet Tahoes, 2014 to present GMC Sierras, and 2015 to present GMC Yukon/Yukon XLs sold or leased to consumers in Florida, including Plaintiff (the "**Class Vehicles**"). All Class Vehicles share the same defective condition of the braking system that GM failed to disclose to Plaintiff, consumers, and each member of the putative class.

3.      The irreparable and defective braking system supplied in all of the Class Vehicles features a defective design that is prone to sudden and unexpected loss of vacuum in the brake booster, requiring replacement of the brake booster and/or the system's vacuum assist pump. When Class Vehicles suddenly and unexpectedly lose vacuum, the resulting brake booster failure makes Class Vehicles difficult to stop: the brake pedal becomes hard, much more force is required from the driver to slow the vehicle, and stopping distance is severely and suddenly compromised. This defective braking system common to all Class Vehicles is a clear safety hazard that was never disclosed to any member of the class prior to purchase. This hazard present in all Class Vehicles is hereinafter referred to as the "**Class Defect**."

4.      Reasonable efforts undertaken by the Class to remedy this defect with or through GM have been unsuccessful.

5.      GM sold, leased, and continues to sell and lease the Class Vehicles despite its awareness of the defect and the danger it poses to consumers and other drivers. GM chose and continues to choose financial gain at the expense of consumer

2

safety by concealing and omitting a disclosure of this critical safety defect to consumers who purchase or lease Class Vehicles.

6.     Since at least 2014, GM has been aware of the safety hazard posed by its defective braking system installed in all Class Vehicles. GM should not have sold, leased, or marketed the Class Vehicles without a full and complete disclosure of the Class Vehicles' safety defect, and GM should have voluntarily recalled the Class Vehicles long ago.

7.     Plaintiff brings this action on behalf of himself and all those similarly situated ("Class," "Class Members," "Consumers," "Owners") for GM's deceptive trade practices in violation of the consumer protection laws of Florida. Plaintiff seeks damages, injunctive and declaratory relief, restitution, disgorgement of profits, attorney's fees and costs, punitive damages, and the repair of, replacement of, or refund of money paid to own or lease all Class Vehicles in Florida.

## JURISDICTION AND VENUE

8.     Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over the Plaintiff's and the Class Members' claims in that minimum diversity of citizenship exists and Plaintiff seeks to represent a Class of persons in a matter in controversy that exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9.     This Court has general and specific jurisdiction over the Defendant because Defendant GM has sufficient minimum contacts with Florida and within the Northern District of Florida to establish Defendant's presence in Florida, and certain material acts upon which this suit is based occurred within the Northern District of Florida. GM does substantial business in the State of Florida and within this Judicial District, is registered to and is doing business within the State of Florida, and otherwise maintains requisite minimum contacts with the State of Florida. Specifically, GM distributed Plaintiff's Class Vehicle in Florida, and the vehicle has remained in Florida and been registered in Florida since its original sale at a franchised GM dealership in Florida.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is subject to personal jurisdiction within the Northern District of Florida and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, including: Plaintiff experienced his braking failure in Alachua County, and Plaintiff's vacuum pump failure was diagnosed by a GM franchised dealership in Alachua County. Furthermore, the Subject Vehicle is located in Alachua County, and Plaintiff resides in Alachua County. Additionally, GM distributes Class Vehicles in this District and receives substantial compensation and profits from the sale and lease of Class Vehicles in this

District, and has and continues to conceal and make material omissions in this District.

## PARTIES

11.    Plaintiff JASON COMPTON is an adult citizen of the State of Florida.

12.    Defendant GENERAL MOTORS, LLC is a Delaware limited liability company whose principal place of business is in the State of Michigan. On information and belief, none of General Motors, LLC's members have citizenship in the state of Florida. Defendant GM manufactured, distributed, sold, serviced and/or warranted the Class Vehicles made the subject of this litigation. GM distributed, sold, serviced and/or warranted, directly or indirectly, thousands of Class Vehicles to Plaintiff and the Class Members with the understanding and expectation that those vehicles would be sold in, operate in, and be fit for their intended purpose in Florida. GM's registered agent in this State is Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301-2525.

## FACTUAL BACKGROUND

**A.    Plaintiff Purchased a Defective Class Vehicle.**

13.    In June of 2017, Plaintiff purchased a 2015 Chevrolet Silverado 1500 ("**Subject Vehicle**") at a franchised General Motors dealership in Florida. Plaintiff executed all sales documents at a franchised General Motors dealership in Florida.

At the time of purchase, Plaintiff was not aware and was not informed that the Subject Vehicle suffered from the Class Defect.

14.     In January of 2019, Plaintiff was driving his 2015 Chevrolet Silverado downhill. As he applied pressure to the brake pedal, the pedal suddenly became hard and the vehicle became difficult to slow down. Plaintiff had to exert as much force as possible on his brake pedal to slow his vehicle. Because of the sudden and unexpected change in stopping distance, Plaintiff was forced to make an emergency maneuver by driving his truck into a ditch along the road while attempting to brake.

15.     An inspection by a GM-franchised dealership confirmed that Plaintiff's braking failure was caused by a failure of the vacuum pump. Davis Gainesville Automotive of Gainesville, Florida made the following observation about the Subject Vehicle in its Work Order dated January 16, 2019: "C/S WHILE DRIVING THE BRAKES FAILED ON WAY HOME PERFORMED DIAGNOSIS AND FOUND BRAKE VACUUM PUMP FAILED AND AS A RESULT ALSO BROKE THE BELT. FOUND VACUUM PUMP SEIZED DUE TO INTERNAL FAILURE AND DAMAGED VACUUM PUMP BELT CAUSING IT TO SNAP IN HALF … NEC TO NEC TO REPLACE VACUUM PUMP BELT TO COMPLETE REPAIR, NEC TO REMOVE A/C BELT AND MAIN DRIVE BELT TO REPLACE VACUUM PUMP BELT TO CORRECT CONDITION."

16.     Plaintiff was charged $513.60 to repair have his vacuum assist pump assembly and related parts replaced after the failure.

17.     However, the replacement vacuum pump installed in the Subject Vehicle, like all vacuum pumps installed in Class Vehicles, still suffers from the Class Defect, and therefore Plaintiff's vehicle has not been adequately fixed. Many other Class Members have experienced multiple repeated failures of their vacuum pumps even after replacement with the same service parts used in Plaintiff's Subject Vehicle. Like all Class Vehicles, Plaintiff's vehicle is likely to suffer from a sudden, unexpected loss a braking ability when the vacuum pump again fails because of the Class Defect.

18.     GM's supposed fix for the Class Defect is ineffective and dangerous. Replacements parts have not remedied the safety hazard in the Subject Vehicle or in the vehicles driven by the putative class that Plaintiff seeks to represent.

**B.     Defendant GM Knowingly Sold Dangerously Defective Vehicles to Consumers.**

19.     In February of 2015, Defendant GM issued technical service bulletin #PIT5361 to all of its franchised dealerships. This bulletin affected the Class Vehicles produced to date at the time: 2015 Cadillac Escalade; 2014-2015 Chevrolet Silverado 1500; 2015 Chevrolet Suburban; 2015 Chevrolet Tahoe; 2014-2015 GMC Sierra 1500; and 2015 Yukon. (Exhibit A).

20.     In the bulletin, GM expressly acknowledged that "a customer may comment on a hard brake pedal or that increased effort is needed to depress the brake pedal." As evidence of the Class Defect, Defendant GM notified its dealers, "While performing normal diagnostics, fluid may be found in the brake booster and/or the booster vacuum line." The service bulletin was "intended for use by professional technicians … written to inform these technicians of conditions that may occur on some vehicles." The service bulletin was not, however, written or intended for the consuming public, including Plaintiff and any Class Members.

21.     Since the release of the Class Vehicles (the earliest of which was Spring 2013), Defendant GM has received numerous warranty returns, customer complaints, and National Highway Traffic Safety Administration "Vehicle Owner Questionnaires" ("NHTSA VOQs") relating to the defect.

22.     As a result, GM investigated the defect, developed a countermeasure (attempted fix), and then cascaded the countermeasure into the field through its dealerships in the form of a service bulletin effective February 2015. The service bulletin requires extensive repair to include the replacement of the Vacuum Pump, Vacuum Line Between the booster and the pump, Brake Booster, and Master Cylinder. (Exhibit A).

23.     The service campaign process does not happen overnight, especially for a repair as extensive as the February 2015 service campaign; it takes many months

8

to identify the problem, attempt to fix it, and implement the fix in the field. GM knew its Class Vehicles suffered from the Class Defect well before Plaintiff purchased his 2015 Chevrolet Silverado, but GM concealed the defect from unwitting consumers who unknowingly purchased Class Vehicles with a hidden defect.

24.     Ultimately, Defendant GM issued a series of service bulletins only to its dealers regarding the brake defect, including bulletins for the following Class Vehicles and year models: 2015-2016 Cadillac Escalade; 2014-2016 Chevrolet Silverado 1500; 2015-2016 Chevrolet Suburban; 2015-2016 Chevrolet Tahoe; 2014-2016 GMC Sierra 1500; and 2015-2016 Yukon. *See* (Exhibit A). As part of GM's overall strategy to engage in material omission and deception upon Plaintiff and the Class Members, these bulletins contain false, misleading, or deceptive information about the potential for curing the defects because the purported repairs do not fix the defect and the statements are designed to mislead dealers and technicians who repair Class Vehicles.

25.     Defendant GM had knowledge of the Class Defect prior to the sale of the Class Vehicle to Plaintiff. Further, Defendant GM took no action to alert Plaintiff or the Class Members of the defect in the Class Vehicles prior to their purchase or after their purchase.

26.    As of February 10, 2016, GM had verified at least some 19 affected vehicle models where the "CUSTOMER WILL NEED INCREASED EFFORT TO DEPRESS THE BRAKE PEDAL. TECHNICIAN MAY FIND FLUID IN THE BRAKE BOOSTER AND/OR THE BOOSTER LINE. TECHNICIAN WILL NEED TO REPLACE VACUUM PUMP, BRAKE BOOSTER, MASTER CYLINDER, VACUUM PUMP BELT AND VACUUM LINE BETWEEN THE BOOSTER AND THE PUMP." *See* (Exhibit B). The 19 affected vehicle models are the Class Vehicles which GM continued to sell without disclosure to the Class Members even after this admission.

27.    Disturbingly, the number of customer complaints echoed what GM already knew about its defective brake system: the need for increased effort to depress brake pedal, high occurrences in stop and go traffic, high occurrences of failure at lower speeds, brake booster issue, replacement of brake booster, replacement of master cylinder, safety issue, etc. *See* (Exhibit C).

28.    Prior to Plaintiff's purchase of the subject vehicle, Defendant was aware that in March of 2017, a 2015 Chevrolet Suburban in Arkansas had been involved in an accident caused by a brake failure almost identical to the failure experienced by Plaintiff. In GM's investigation of that crash, GM confirmed that the collision was the result of a brake failure caused by a loss of vacuum in the brake booster. *See* (Exhibit D). Months before Plaintiff purchased his Class Vehicle, GM

was therefore aware of the defect and aware of another crash caused by that defect. Still, Defendant provided no notification of the defect or any other warning to Plaintiff or Class Members.

29. Similarly, prior to the brake failure in Plaintiff's Class Vehicle, GM was fully aware of another crash occurring in April of 2018 in California involving the same braking system in a GM vehicle, and wherein GM's dealership confirmed the crash was caused by the Class Defect as described in GM's service bulletins to dealers. Still, GM failed to provide any notification of the defect or other warning to Plaintiff or the Class.

30. On September 13, 2018, GM released a new version of the PIT5361 TSB, revision "D." *See* https://static.nhtsa.gov/odi/tsbs/2018/MC-10145479-9999.pdf. (Exhibit E). The newest version of the vacuum pump TSB supersedes earlier versions issued to dealerships, and extends the same diagnosis of Class Vehicles through model years 2017, 2018, and 2019 vehicles. This late-2018 version of the TSB still describes the same conditions of a hard brake pedal, increased effort to stop a vehicle, and a failed vacuum pump and brake booster. As evidenced by PIT5361 Revision D, all Class Vehicles share the same Class Defect.

31. NHTSA has now opened its own investigation of the defect. Investigation "PE 18-012" was opened on November 20, 2018 and confirms that the "Office of Defects Investigation (ODI) has received 111 reports of hard brake pedal

effort accompanied by extended stopping distance in model years (MY) 2014 to 2016 General Motors (GM) light trucks based on the K2XX platform," all of which are Class Vehicles. *See* https://static.nhtsa.gov/odi/inv/2018/INOA-PE18012-2065.PDF. (Exhibit F). "These conditions are attributed to deterioration of the engine-driven brake assist vacuum pump. Nine of these incidents included vehicles incurring damage as a result colliding with another vehicle or fixed object at low speeds." *Id*. On February 7, 2019, NHTSA requested documents from GM in support of its investigation to be produced by March 27, 2019, and noted that the ODI has received "487 reports of brake vacuum assist pump failures" in Class Vehicles. *See* https://static.nhtsa.gov/odi/inv/2018/INIM-PE18012-74378.pdf. (Exhibit G).

32.    Defendant GM knowingly sold thousands of Class Vehicles to unsuspecting Class Members to whom GM said nothing about the braking defect despite having knowledge of the Class Defect. Five years on, GM has not issued a permanent fix, but continues to sell millions of Class Vehicles while omitting disclosure of the dangerous defect within.

33.    GM's own service bulletins exemplify the type of language that could have been provided to Plaintiff and the Class notifying them of the existence of the defect, how the defect presents itself to the consumer, the cause of the defect, and GM's purported repairs to fix the defect. Such detailed information is the very type of information that Plaintiff contends amounts to a material omission and should

have been disclosed to Plaintiff and the Class members prior to or at the time of sale of each vehicle. Accordingly, the author (GM) and contents of the service bulletin attached as Exhibit E evidence the who, what, when, where, and why of GM's omissions and how such statements could have been provided to each Class Member prior to their purchase of a Class Vehicle.

34.     Furthermore, the summary of the Class Defect contained in the NHTSA ODI RESUME at Exhibit F was derived from information provided by GM or otherwise equally available to GM; this summary further evidences the kind of disclosure that should have been made to Plaintiff and consumers prior to purchase:

> The brake assist vacuum pump is driven by an accessory belt on the engine and serves as the source of power brake vacuum in the subject vehicles. Over time, the pump's capacity to generate vacuum may deteriorate. The subject vehicles receive supplemental hydraulic brake assist from the ABS system, albeit at lower levels than the vacuum powered primary system. If the brake assist vacuum pump fails to operate as intended, the amount of brake power assist supplied to the driver can be significantly reduced, extending the subject vehicle stopping distance.

## C.    Consumers Have Extensively Reported the Safety Hazard to GM.

35.     The National Highway Traffic Safety Administration ("NHTSA") provides a system for motor vehicle owners to report complaints relating to safety defects that pose a risk of accidents in vehicles manufactured or imported in the United States, including safety defects relating to brake malfunctions. The safety defect complaints are entered into the NHTSA consumer complaint automated

database, which is accessible to manufacturers and are routinely reviewed by GM soon after the submission of each complaint. NHTSA also provides these consumer complaints to the vehicle manufacturers directly, including GM. Given the vast majority of owners of Class Vehicles are not aware of NHTSA and/or its reporting system, complaints received by NHTSA form an extremely small minority of the overall number of complaints which have been made to GM directly and/or through its authorized dealerships, including through the form of warranty repairs.

36.     Since at least 2014, GM has received complaints of braking defects and safety concerns related to the loss of vacuum boost in the Class Vehicles through NHTSA, the Better Business Bureau, internet forums, GM's franchised dealerships, and directly by owners of Class Vehicles.

37.     Despite Defendant GM's wealth of knowledge relating to the Class Defect in the Class Vehicle's defective braking system and its clear safety implications, GM has and continues to suppress and conceal this knowledge and has failed to disclose that its Class Vehicles' braking systems are defective and dangerous. Consumers continue to operate Class Vehicles and continue to experience dangerous failures of the defective braking system, and are at increased risk for crashes.

38.     Consumers have submitted individual NHTSA complaints regarding Class Vehicles consistent with a loss of brake boost as described in GM's TSBs.

These consumer complaints filed with the NHTSA, and delivered to GM, often highlight the safety risk caused by the defect, including reports of collisions and near-misses, as well as expressions of concern for drivers' families—without concern and resolution by GM. GM received and were aware of these consumer complaints. Many of these complaints are reprinted in the paragraphs below.

39.     A consumer complaint dated 10/9/2014 and submitted to NHTSA states the following regarding a Class Vehicle: THE ABS ENGAGES AT SLOW SPEEDS INCLUDING DRY CONDITIONS, LEADING TO TOTAL LOSS OF BRAKING AND INCREASED STOPPING DISTANCES. *TR.

40.     A consumer complaint dated 1/15/2015 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2015 CHEVROLET TAHOE. WHILE DRIVING AT 45 MPH, THE SERVICE BRAKE ASSIST WAS DISPLAYED ACROSS THE MESSAGE BOARD. IN ADDITION, THE CONTACT STATED THAT THE BRAKE PEDAL WAS DEPRESSED AND IT TOOK A GREATER AMOUNT OF TIME FOR THE VEHICLE TO COME TO A COMPLETE STOP. THE FAILURE RECURRED ON NUMEROUS OCCASIONS. THE VEHICLE WAS TAKEN TO A DEALER BUT WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 16,562. UPDATED 6/18/15*CN UPDATED 10/12/2017*CN.

41.    A consumer complaint dated 11/13/2015 and submitted to NHTSA states the following regarding a Class Vehicle: THE VEHICLE HAD VIRTUALLY NO BRAKES TO STOP IT AND 11,215 MILES. GENERAL MOTORS ALREADY HAD SERVICE WARNINGS OUT TO DEALERS DATED 7/17/2015, GM DOCUMENT ID #4242788. THEY SAY THEY REPLACED PADS AND ROTORS. AT 23,589 MILES THE VEHICLE NEEDED BRAKES AGAIN. SERVICE MANAGER TELLS US THAT THIS IS A KNOWN PROBLEM AT GENERAL MOTORS. THEY HAVE EVEN ISSUED A NEW WARNING FOR 2016 MODELS. I CONSIDER THE VEHICLE TO BE UNSAFE TO DRIVE IN THAT THE BRAKES CAN GO OUT WITHOUT ANY WARNING.

42.    A consumer complaint dated 1/4/2016 and submitted to NHTSA states the following regarding a Class Vehicle: THE VEHICLE HAD VIRTUALLY NO BRAKES TO STOP IT AND 11,215 MILES. GENERAL MOTORS ALREADY HAD SERVICE WARNINGS OUT TO DEALERS DATED 7/17/2015, GM DOCUMENT ID #4242788. THEY SAY THEY REPLACED PADS AND ROTORS. AT 23,589 MILES THE VEHICLE NEEDED BRAKES AGAIN. SERVICE MANAGER TELLS US THAT THIS IS A KNOWN PROBLEM AT GENERAL MOTORS. THEY HAVE EVEN ISSUED A NEW WARNING FOR

16

2016 MODELS. I CONSIDER THE VEHICLE TO BE UNSAFE TO DRIVE IN THAT THE BRAKES CAN GO OUT WITHOUT ANY WARNING.

43.    A consumer complaint dated 2/10/2016 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2015 GMC YUKON. WHILE DRIVING VARIOUS SPEEDS, THE BRAKE PEDAL WAS APPLIED AND THE VEHICLE FAILED TO STOP. THE BRAKE PEDAL HAD TO BE PUMPED SEVERAL TIMES TO STOP THE VEHICLE. THE VEHICLE WAS TAKEN TO THE DEALER WERE IT WAS DIAGNOSED THAT THE BRAKE BOOSTER NEEDED TO BE ADJUSTED. THE VEHICLE WAS REPAIRED, BUT THE FAILURE RECURRED. THE VEHICLE WAS TAKEN BACK TO THE DEALER WHERE THE BRAKE FAILURE WAS DUPLICATED AND DIAGNOSED THAT THE BRAKE BOOSTERS NEEDED TO BE REPLACED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 35,000.

44.    A consumer complaint dated 7/4/2016 and submitted to NHTSA states the following regarding a Class Vehicle: TRAILER BRAKE ASSIST MALFUNCTION DURING TRIP WHILE DRIVING WITH TRAILER CONNECTED ON HIGHWAY NO PROBLEM AFTER ENDING TRIP AND DISCONNECTING TRAILER BRAKE ASSIST WARNING LIGHT APPEARED

AND 1ST GLANCE BRAKES SEEMED FINE BUT FINAL PEDAL PRESSURE IS VERY STIFF ALMOST CAN'T STOP SUV

45.    A consumer complaint dated 8/2/2016 and submitted to NHTSA states the following regarding a Class Vehicle: BRAKES COMPLETELY FAILED. I PULLED INTO TRAIN PARKING SPOT AND THE CARS WOULD NOT STOP. I HAD TO KEEP PUMPING THE BRAKES AND EVENTUALLY IT JUST STOPPED. I TRIED IT GAIN AND THE BRAKES WERE HARD AND COULDN'T PUSH THEM DOWN. I AM SO LUCKY THAT I WAS NOT ON A HIGHWAY GOING FAST WITH MY KIDS IN THE CAR. CADILLAC SAID I NEEDED THE HYDRO BOOST REPLACED.

46.    A consumer complaint dated 9/7/2016 and submitted to NHTSA states the following regarding a Class Vehicle: I AM WRITING ABOUT MY 2015 CHEVY SUBURBAN. I OWN A LIMOUSINE SERVICE AND USE THE SUBURBAN IN MY FLEET. YESTERDAY A DRIVER, WITH PASSENGERS, HAD A TOTAL FAILURE OF THE POWER BRAKING SYSTEM. IT IS AT A LOCAL REPAIR SHOP NOW, AND I AM BEING TOLD THE AIR PUMP HAD BROKEN APART, INSIDE, SNAPPED THE FAN BELT RESULTING IN NO VACUUM GETTING TO THE POWER BRAKE SYSTEM. MY DRIVER WAS BARELY ABLE TO STOP THE VEHICLE BEFORE REAR ENDING ANOTHER CAR ON THE HIGHWAY. THE VEHICLE HAS 54,000 MILES AND I AM

BEING TOLD IS OUT OF THE BUMPER TO BUMPER WARRANTY. THERE ARE ALSO NO OPEN RECALLS. I AM REPORTING THIS ISSUE TO THE NHTSA AND THE MASSACHUSETTS ATTORNEY GENERAL'S OFFICE, AS I BELIEVE THIS IS AN IMMEDIATE DANGER TO THE GENERAL MOTORING PUBLIC. I JUST CONTACTED CHEVROLET BY PHONE AND EMAIL. THE REPRESENTATIVE ON THE PHONE SAID ALL SHE COULD TELL ME IS THAT IT'S OUT OF WARRANTY, THERE WERE NO RECALLS, AND I AM BASICALLY ON MY OWN TO REPAIR. I HOPE YOU ARE ABLE TO INVESTIGATE THIS SITUATION, IDENTIFY THE CAUSE OF THIS FAILURE, AND COME UP WITH A REMEDY FOR THE SAFETY OF EVERYONE.

47. A consumer complaint dated 10/14/2016 and submitted to NHTSA states the following regarding a Class Vehicle: BRAKES STOPPED WORKING . FIRST TIME IT HAPPENED I THOUGHT IT WAS MY IMAGINATION AS I WAS IN A PARKING LOT GOING EXTREMELY SLOW. NEXT DAY IT HAPPENED WHEN BACKING OUT OF MY DRIVEWAY. HAD TO PRESS BRAKES EXTREMELY HARD AND IT ROLLED TO A STOP AS IT HIT CURB ON OTHER SIDE OF ROAD. TOOK IT TO DEALER AND THEY REPLACE THE VACUUM BOOSTER WHICH HAD FAILED AT APROX. 50,000 MILES. NOT COVERED UNDER WARRANTY. EVERY OTHER PART OF BRAKES

BESIDES NORMAL WEAR AND TEAR IS COVERED. I WAS LUCKY IT HAPPENED IN MY DRIVEWAY AND NOT WHILE DRIVING AT HIGHER SPEEDS IN TRAFFIC. I HAVE ADDITIONAL COMPLAINTS ABOUT THIS VEHICHLE. THE CLIPS HOLDING DRIVERS SEAT HAD TO BE REPLACED AT 40,000 MILES BECAUSE SEAT WAS SLIDING FROM SIDE TO SIDE. THEY ARE ALL READY LOOSE AGAIN AT 60,000 MILES ALTHOUGH NOT AS BAD AS FIRST TIME. MY AC CONDENSER WENT OUT AT 62,000 MILES. IT HAS BEEN ON NATIONAL BACKORDER FOR 7 WEEKS AND I AM STILL WAITING. THE CAR SHAKES ON THE INTERSTATE AT APROX 70 -75 MILES PER HOUR. THE DEALERSHIP HAS BALANCED THE TIRES AND THIS HAS NOT FIXED PROBLEM. AFTER DRIVING ON INTERSTATE AT HIGH SPEEDS FOR EXTENDED PERIOD OF TIME, WHEN STOPPING THE CAR IDLES VERY ROUGH AND HAS EVEN CUT OFF. THE DEALERSHIP RAN A FUEL INDUCTION SERVICE. WILL SEE IF IT WORKS WHEN I GET IT BACK AFTER THEY REPLACE AC CONDENSER. THE CAR SHIFTS HORRIBLY, ESPECIALLY WHEN GOING SLOW. WAS TOLD THAT IS A PROBLEM WITH THE FUEL EFFICIENT SHIFTING AND THERE IS NO REPAIR...JUST TO MANUALLY SHIFT. ALSO, THE HOOD OF THE CAR HAS TINY RUST SPOTS COMING THROUGH THE PAINT ALL OVER IT.

48.    A consumer complaint dated 11/28/16 and submitted to NHTSA states the following regarding a Class Vehicle: I HAVE A 2015 CHEVY. SUBURBAN LT THE BRAKE PEDAL IS HARD TO PRESS AND THE CAR CONTINUE TO ROLL EVEN AFTER I APPLY THE BRAKE DESPITE THE ROTOR AND ALL THE PADS HAVE BEEN REPLACED.....THIS IS VERY DANGEROUS.

49.    A consumer complaint dated 12/1/2016 and submitted to NHTSA states the following regarding a Class Vehicle: THE BRAKES POWER ASSIST FAILS AFTER APPLICATION OF BRAKES IN TRAFFIC OR WHEN REVERSING. WHEN IN HEAVY TRAFFIC SITUATION AND WHEN APPLYING LIGHT PRESSURE NUMEROUS TIMES, THE BRAKES POWER ASSIST FAILS AND YOU HAVE TO APPLY VERY HEAVY PRESSURE TO THE PEDAL TO STOP. REVERSING, THE BRAKES POWER ASSIST FAILS ALMOST IMMEDIATELY AFTER INITIAL BRAKE APPLICATION.

50.    A consumer complaint dated 1/15/17 and submitted to NHTSA states the following regarding a Class Vehicle: SOME TIME WHEN I BRAKE, THE CAR DO NOT STOP IMMEDIATELY IS SLIGHTING BEFORE STOPPING BY BRAKE, AND BACKWARD DRIVING THE CAR DO NOT WANT TO STOP AND AFTER, DRIVING AGAIN REGULARLY IS FINE I HAD THE CAR IN SERVICE THEY SAY THE CAR IS FINE...........I TOUGH MAYBE I HAVE TO RENEW THE BRAKE BUT NO BRAKE ARE FINE. THIS PROBLEM BEGAN

ON JANUARY 1017 UNTIL NOW, BUT IN PERIOD OF COMING AND GO. I ASK THE SERVICE IS ANY RECALLS? THEY TOLD ME" SUBURBAN DO NOT HAVE ANY "RECALLS"

51.     A consumer complaint dated 2/28/2017 and submitted to NHTSA states the following regarding a Class Vehicle: WHILE DRIVING HER VEHICLE TODAY MY WIFE DEPRESSED HER BRAKE TO STOP AND SHE SAID THE BRAKE FELT LIKE PUSHING ON A RUBBER TIRE. THE CAR WOULD NOT STOP CAUSING HER TO RUN A STOP SIGN AND HIT ANOTHER VEHICLE. WE HAD THE SAME PROBLEM LAST MONTH AND THE VEHICLE WAS TAKEN   TO   THE   CHEVROLET   DEALERSHIP   AND   "REPAIRED" ACCORDING   TO   THE   CURRENT   SAFETY   BULLETIN   ISSUED   BY CHEVROLET. THIS COLLISION CAUSED THE OTHER PERSON TO GO TO THE HOSPITAL VIA EMS AND MY WIFE WAS TAKEN BY POV TO ER FOR EVALUATION. OBVIOUSLY WHATEVER "FIX" WAS DONE BY THE DEALERSHIP WAS NOT THE CAUSE OF THE PROBLEM. I WAS TOLD THE VACUUM  ASSIST  PUMP  AND  HOSES  WERE  REPLACED,  BUT  THE VEHICLE STILL HAD THE SAME ISSUE.

52.     A consumer complaint dated 4/8/2017 and submitted to NHTSA states the following regarding a Class Vehicle: I WAS ON SLOPE HILL. MY BRAKES ARE NOT RESPONDING. I PUT IN NEW BRAKES 2 MONTHS AGO AND

BRAKES NOT RESPONDING? MY CAR ALMOST WENT DOWN THE HILL. I CALLED ROADSIDE ASSISTANCE AND HAD THEM TOWED MY CAR TO DEALERSHIP. THEY FOUND THE ISSUE VACUUM PUMP BROKE. ALSO MY TRANSMISSION HAVING ISSUE SINCE 2 MONTHS. THEY STILL HAVEN'T FOUND ISSUES. I CAN'T CONTROL MY SPEED AND ENGINE GIVES A KICK WHEN ENTERING HIGHWAY. THEY WON'T REPAIR THIS ISSUE BECAUSE THEIR "MECHANICS" CANNOT FIND THE ISSUE. THIS IS THIS WORST VEHICLE TO DRIVE ANDUNSAFE FOR DRIVERS AND PASSENGERS.

53.     A consumer complaint dated 6/17/2017 and submitted to NHTSA states the following regarding a Class Vehicle: BRAKE BOOSTER WENT OUT WHILE DRIVING WITH MY CHILDREN IN THE CAR!

54.     A consumer complaint dated 6/28/2017 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2016 CHEVROLET SILVERADO 1500. WHEN THE BRAKE PEDAL WAS DEPRESSED, THE VEHICLE LOST BRAKE FUNCTIONALITY. THE FAILURE OCCURRED WITHOUT WARNING. THE VEHICLE WAS TAKEN TO HILLTOP CHEVROLET WHERE IT WAS DIAGNOSED THAT THE VACUUM PUMP WAS FAULTY. THE VEHICLE WAS REPAIRED. THE

MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE
MILEAGE WAS APPROXIMATELY 23,367.

55.    A consumer complaint dated 6/29/2017 and submitted to NHTSA states
the following regarding a Class Vehicle: WHILE DRIVING ON I90 IN STOP AND
GO TRAFFIC, THE CAR IN FRONT OF ME STOPPED. I APPLIED MY
BRAKES AND THE PEDAL WAS HARD AND WOULD NOT DEPRESS. AS A
RESULT MY CAR WOULD NOT STOP AND I HIT THE CAR IN FRONT OF
ME IN THE REAR END. MY AIR BAGS WENT OFF. I RECEIVED AN AIR
BAG BURN. THE CAR IN FRONT OF ME STRUCK THE CAR IN FRONT OF
HIM. BOTH OTHER DRIVERS CLAIM THEY WERE INJURED. MY CAR
COST $15,300 TO REPAIR. CHEVROLET IS AWARE OF THIS PROBLEM,
ISSUING PRELIMINARY SERVICE BULLETIN PIT5361 IN 2015,
ADDENDUM B IN 2016 AND ADDENDUM B IN 2017. THE PROBLEM IS A
FAULTY VACUUM PUMP, MASTER CYLINDER, BRAKE BOOSTER,
VACUUM LINE, AND VACUUM PUMP BELT. I WAS NEVER INFORMED OF
THIS PROBLEM. I HAVE BEEN DRIVING 50 YEARS AND THIS IS MY FIRST
CHARGEABLE ACCIDENT.

56.    A consumer complaint dated 7/16/2017 and submitted to NHTSA states
the following regarding a Class Vehicle: WHILE EXITING THE OHIO
TURNPIKE, MY BRAKE PEDAL BEGAN TO STOP DEPRESSING

COMPLETELY- TO THE POINT WHERE I COULDN'T PUSH DOWN AT ALL. IT FELT LIKE AN OVER-PUMPED KEG. AS I CONTINUED MY EXIT TOWARD THE TOLL BOOTH, IT SEEMED THAT THE ABS WERE ENGAGING, BUT I WASN'T IN AN EMERGENCY BRAKING SITUATION. THE REST OF MY JOURNEY HOME WAS UNEVENTFUL, UNTIL I ARRIVED HOME. I PULLED INTO MY GARAGE, AND ATTEMPTED TO BACK OUT SO I CHECK UNDER THE VEHICLE TO MAKE SURE THERE WASN'T ANYTHING LEAKING. AS I BACKED OUT, MY BRAKES WOULD NOT ENGAGE PROPERLY AGAIN AND MY CAR ROLLED BACK DOWN MY DRIVE WAY. THE CAR STOPPED AND I PARKED IT WHERE IT WAS. LATER IN THE DAY, I WAS ABLE TO PULL THE CAR INTO MY GARAGE WITHOUT INCIDENT. I TOOK THE CAR TO CHESROWN GMC (THE DEALERSHIP WHERE I PURCHASED THE VEHICLE). THEY ADVISED THEY HAD NEVER HEARD OF SUCH A SITUATION AND HAD ME BEING VEHICLE TO THEM. I COULDN'T REPLICATE THE ISSUE WITH THEM, BUT LEFT THE CAR WITH THEM SO THEY COULD CHECK IT OUT FOR ISSUES. THEY REPLACED THE THE BRAKE VACUUM PUMP. TODAY (7/31/17), THE BRAKES STARTED TO BEHAVE IN THE SAME MANNER AS WHEN THEY FAILED ON 7/16/17.

57.    A consumer complaint dated 8/11/2017 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2016 CHEVROLET SILVERADO 1500. WHILE OPERATING ON AN INCLINE, THE BRAKE PEDAL WAS DEPRESSED BUT FAILED TO RESPOND. THE FAILURE OCCURRED WITHOUT WARNING. KENNY ROSS CHEVROLET BUICK GMC (LOCATED AT 11250 US-30, NORTH HUNTINGTON, PA) WAS CONTACTED AND UPDATED THE SOFTWARE AND TRANSMISSION. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS APPROXIMATELY 18,025.

58.    A consumer complaint dated 8/13/2017 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2015 CHEVROLET TAHOE. THE CONTACT STATED THAT WHILE DRIVING AT 5 MPH, THE BRAKE PEDAL WAS APPLIED BUT FAILED TO RESPOND WITHOUT WARNING. THE VEHICLE WAS TOWED TO A LOCAL DEALER: COUGHLIN FORD OF CIRCLEVILLE LOCATED AT 24001 US HIGHWAY 23 S CIRCLEVILLE OH 49113 WHERE IT WAS DIAGNOSED THAT THE BRAKE SENSOR NEEDED TO BE REPLACED. THE VEHICLE WAS REPAIRED BUT THE FAILURE RECURRED. THE VEHICLE WAS THEN TOWED TO HARE CHEVROLET LOCATED AT 2001 STONY CREED RD NOBLESVILLE IN 46060 WHERE IT WAS DIAGNOSED THAT THE VACUUM PUMP NEEDED

TO BE REPLACED. THE VEHICLE WAS REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE AND OPENED CASE # 8-31775454 BUT DID NOT OFFER ANY FURTHER ASSISTANCE. THE FAILURE MILEAGE WAS 31,000.

59. A consumer complaint dated 8/18/2017 and submitted to NHTSA states the following regarding a Class Vehicle: THE BRAKES ON MY 2015 CHEVY SUBURBAN ARE LOCKING WHEN DRIVING A LOW SPEED. THE PROBLEM STARTED ALL OF THE SUDDEN WHILE DRIVING UNDER DRY ROAD CONDITIONS ON A CITY STREET. IF YOU PRESS ON THE BRAKE PEDAL , IT DOES NOT MOVE AND THE CAR DOES NOT STOPPED. I ALMOST HIT A FAMILY OF 4 THAT WAS CROSSING IN FRONT OF ME. THE CAR HAS BEEN AT DICK BEARD CHEVROLET IN HYANNIS, MA AND THEY ARE SAYING THAT THERE IS NO ISSUE WITH THE BRAKES AND AVOIDING SOLVING THE PROBLEM. I'VE CALLED CHEVROLET 4 TIMES AND THEY ARE NOT CALLING ME BACK. THE CAR IS NOT SAFE TO DRIVE AT ALL.

60. A consumer complaint dated 9/4/2017 and submitted to NHTSA states the following regarding a Class Vehicle: WHILE DRIVING ON THE ROAD IN TRAFFIC I WENT TO PRESS ON THE BRAKES AND NOTICED THEY HAD BECOME STIFF AND HAD TO PRESS THEM AS HARD AS POSSIBLE TO

SLOWLY STOP WHILE TRYING TO AVOID HITTING ANOTHER VEHICLE IN TRAFFIC. NO WARNING LIGHTS WERE ON IN THE DASH UNTIL I PULLED OVER AND RESTARTED VEHICLE A COUPLE OF TIMES. THEN I GOT THE ACTIVE BRAKE ASSIST SERVICE LIGHT ON. I HAD THE VEHICLE TOWED TO THE NEAREST CHEVROLET SERVICE CENTER DUE TO THE VEHICLE NOT SAFE TO DRIVE.

61.    A consumer complaint dated 9/10/2017 and submitted to NHTSA states the following regarding a Class Vehicle: WHEN APPLYING THE BRAKES MY CAR DOESN'T STOP 100% OF THE TIME. 1 TIME DURING HIGHWAY SLOW MOVING TRAFFIC, 3 TIMES BACKING OUT OF MY DRIVEWAY (FLAT SURFACE), 4 TIMES WHEN ON INCLINE/DECLINE OF ROAD. WHEN APPLYING BRAKES, HORRIBLE CHATTERING VIBRATION COMES FROM LEFT FRONT TIRE AREA, CHATTER VIBRATION IS FELT IN BRAKE PEDAL. NO MATTER HOW HARD I APPLY THE BRAKE THE CAR KEEPS GOING - IT WILL FINALLY STOP, BUT I ALMOST HIT THE CAR IN FRONT OF ME AT THE ONE HIGHWAY OCCURRENCE, 2 TIMES CAR FINALLY STOPPED JUST BEFORE GOING OVER EDGE OF PROPERTY WHEN PULLING FORWARD & BACKWARD TO TURN AROUND IN TIGHT AREA. IN EACH INSTANCE I AM MOVING AT A VERY SLOW SPEED. I CONTACTED DEALERSHIP, THEY TOLD ME I WASN'T

THE ONLY ONE CALLING ABOUT THIS HAPPENING BUT SINCE I'M OVER 36,000 WARRANTY THEY WILL CHARGE ME TO CK IT OUT,

62.   A consumer complaint dated 9/22/2017 and submitted to NHTSA states the following regarding a Class Vehicle: AS I WAS SITTING IN THE VEHICLE IN PARK, I PLACED MY FOOT ON THE BRAKE AND NOTICED THAT THE BRAKE ASSIST HAD ACTIVATED WHILE IN PARK. I WAS UNABLE TO PUSH THE PETAL DOWN. I WAS ABLE TO MOVE THE SHIFTER INTO DRIVE WITH MY FOOT ON THE BRAKE, BUT THE VEHICLE IMMEDIATELY PLUNGED FORWARD. AS I CONTINUED TO TRY AND DEPRESS THE BRAKE PETAL, THE VEHICLE FINALLY SLOWED TO A STOP. BEFORE I COULD GET OFF THE ROAD AND OUT OF TRAFFIC, THE BRAKE ASSIST CONTINUED TO BE LOCKED UP AND THERE WAS NO BRAKES IF I SHIFTED INTO REVERSE. I WAS EXTREMELY CONCERNED FOR MINE AND MY CHILDREN'S SAFETY AS THIS COULD HAVE CAUSED A VERY SERIOUS ACCIDENT. THE BRAKES DID NOT STOP THE VEHICLE AND WERE DEFECTIVE DUE TO THE VACUUM PUMP "GOING OUT". THE VEHICLE IS ONLY 2 YEARS OLD AND HAS 49K MILES.

63.   A consumer complaint dated 9/26/2017 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2015 CHEVROLET SUBURBAN. WHILE EXITING THE PARKING LOT AT 5 MPH,

THE BRAKES FAILED TO WORK WITHOUT WARNING. THE CONTACT

HAD TO CHANGE THE GEAR TO PARK IN ORDER TO STOP THE VEHICLE.

THE VEHICLE WAS TOWED TO THE DEALER (BOB PRICE CHEVROLET

BUICK GMC, 1225 S STATE HWY 16, FREDERICKSBURG, TX 78624)

WHERE IT WAS DIAGNOSED THAT THE BRAKE BOOSTER AND THE

BRAKE PUMP NEEDED TO BE REPLACED. THE VEHICLE WAS NOT

REPAIRED. THE MANUFACTURER WAS NOT CONTACTED. THE

APPROXIMATE FAILURE MILEAGE WAS 51,800.

64.    A consumer complaint dated 10/4/2017 and submitted to NHTSA states

the following regarding a Class Vehicle: HARD BRAKE PEDAL, INCREASED

EFFORT IS NEEDED TO DEPRESS BRAKE PEDAL. MOST COMMONLY AT

SPEEDS <35 MPH. OFTEN VEHICLE DOES NOT WANT TO STOP. VEHICLE

WAS IN MODERATE MORNING RUSH HOUR TRAFFIC. VEHICLE IN

FRONT STOPPED QUICKLY FROM 40 MPH. TRIED PRESSING BRAKE

PEDAL ON 2015 TAHOE TO STOP, PEDAL WAS EXTREMELY HARD AND

VEHICLE WOULD NOT STOP.

65.    A consumer complaint dated 10/9/2017 and submitted to NHTSA states

the following regarding a Class Vehicle: MY 2015 SUBURBAN WITH APPROX

80K MILES, STARTED HAVING BRAKE PROBLEMS WHEN I WOULD

DRIVE IN REVERSE. THE BRAKES HAD A GRINDING NOISE AND WAS

GETTING HARD TO PRESS. THE BRAKE PADS WERE REPLACED AROUND 46K MILES AS I BOUGHT THE VEHICLE USED FROM ENTERPRISE SALES. THE BRAKES EVENTUALLY GOT WORSE AND HAD THE BRAKE ASSIST MESSAGE ON DASH COME UP. IF I HAD TO USE THE BRAKES TOO MANY TIMES AT INE TIME LIKE IF I HAD TO GO OVER SPEED BUMPS IN MY NEIGHBORHOOD, THEN THE BRAKES WOULD BE EXTREMELY HARD AND WOULD LOSE ALL POWER BRAKES. IF I KEPT THE VACUUM UP WITH A LITTLE RPM'S- ONE FOOT ON THE BRAKE AND ONE ON THE GAS, THEN I COULD GET THE POWER BRAKES TO WORK. NOW IT'S JUST TOTALLY GONE. NO POWER BRAKES AT ALL NOW AND ORDERED THE VACUUM BOOSTER AND WILL REPLACE IT MYSELF. I CALLED THE MAIN CHEVROLET HOTLINE AND THEY WERE TOTALLY WORTHLESS. I TOLD THEM ABOUT ALL THE NUMEROUS COMPLAINTS POPPING UP ON THE INTERNET AND WITH SUBURBANS WITH MUCH LESS MILES THAN MINE AND TRIED TO SEE IF THEY HAD ANY RECALLS REGARDING THE BRAKES. THEY SAID NO. I SAID THEY SHOULD BE CONCERNED BEFORE IT ENDS UP KILLING SOMEONE.

66.     A consumer complaint dated 10/26/2017 and submitted to NHTSA states the following regarding a Class Vehicle: WHILE DRIVING, THE DASH MESSAGE ALERTED ME THAT I NEEDED TO "SERVICE BRAKE ASSIST."

I WAS NOT USING THE BRAKES, SO I STARTED TO SLOW DOWN AND THE BRAKES WORKED, BUT WHEN I CAME TO THE LIGHT, IT WAS LIKE PRESSING A ROCK AND THE PEDAL WOULD NOT PUSH DOWN. I HAD COMPLETE BRAKE FAILURE, BUT THANKFULLY HAD SLOWED ENOUGH BEFORE COMING TO THE LIGHT, THAT I COULD THROW THE CAR INTO PARK. I PULLED INTO A PARKING LOT AND TAPPED THE BRAKES SEVERAL TIMES, TURNED MY CAR OFF, TURNED IT BACK ON, PUT THE PARKING BRAKE ON AND OFF. THE BRAKES WORKED SO I BEGAN DRIVING VERY CAUTIOUSLY AND STUCK TO BACK ROADS AND STAYED UNDER 35 MPH. THE BRAKES FAILED TWICE MORE AT A STOP SIGN AND A RED LIGHT, WHILE I WAS DRIVING AT LOW SPEEDS. I DROVE THE CAR ONE MORE TIME A FEW HOURS LATER AND HAD COMPLETE BRAKE FAILURE EVERY TIME I TRIED TO STOP. I HAD TO EITHER THROW THE CAR INTO PARK, OR DRIVE INTO A PARKING LOT TO SLOW DOWN. I HAD IT TOWED TO A SERVICE CENTER AT THE CHEVY DEALERSHIP. THE VEHICLE IS UNDER 3 YEARS OLD, HAS ABOUT 60,000 MILES ON IT, HAS BEEN KEPT IN GREAT CONDITION, HAS ON TIME OIL CHANGES, NEVER BEEN IN AN ACCIDENT, AND HAS NEW TIRES. THE CAR HAD NO SQUEALING OR GRINDING TO SHOW WEAR AND TEAR, OR ANY OTHER INDICATOR THE BRAKES WOULD FAIL. THE

DEALERSHIP MAINTAINS THAT THIS IS NOT COVERED BECAUSE WE ARE OUT OF WARRANTY, HOWEVER, WE HAVE AN EXTENDED WARRANTY THAT WE ARE USING TO FIX THIS ISSUE. IT IS UNKOWN THE EXACT CAUSE, BECAUSE IT IS AT THE SHOP AWAITING DIAGNOSTICS.

67.    A consumer complaint dated 10/31/2017 and submitted to NHTSA states the following regarding a Class Vehicle: WHILE REVERSING IN SLOW SPEEDS INTERMITTENTLY IN FORWARD MOTION, THE BRAKE PEDAL BECOMES VERY HARD AND WILL NOT STOP THE VEHICLE. THE BRAKE PEDAL HAS TO BE DEPRESSED VERY HARD AND THERE IS A VIBRATING MOTION. THE MASTER CYLINDER HAS ALREADY BEEN REPLACED BY THE DEALERSHIP AT AN EXPENSE OF NEARLY $600, BUT THE ISSUE PERSISTS.

68.    A consumer complaint dated 11/2/2017 and submitted to NHTSA states the following regarding a Class Vehicle: I WAS DRIVING IN TRAFFIC GOING ABOUT 5MPH AND WHEN I APPLIED MY BRAKES THEY WERE NOT WORKING 100% I HAD TO PUSH THE PEDAL TO THE FLOOR AND THE TRUCK KEPT ROLLING. I HAD TO HAD TO FIGURE OUT A WAY TO SAFELY MOVE TO THE SHOULDER OF THE FREEWAY TO AVOID ACCIDENTS. I WAITED ON THE SHOULDER OF THE FREEWAY FOR

ABOUT A HOUR FOR TRAFFIC TO STOP. I WAS FINALLY ABLE TO GET OFF THE FREEWAY SO I COULD CHECK THE BRAKE FLUID IT WAS FULL. I KNEW THERE WASN'T A PROBLEM WITH THE BRAKES BECAUSE THEY HAD JUST BEEN REPLACED THE PRIOR MONTH. I KNEW THE VEHILCE WAS NOT SAFE TO DRIVE HOME SO I LEFT THE TRUCK AT DAVIS CHEVROLET AT THEIR NIGHT DROP. I TALKED TO A SERVICE TECHNICIAN AND HE INFORMED ME THAT HE HAS SEEN THIS ISSUE A LOT WITH 2015 TAHOE'S, AND INFACT 3 2015 TAHOE'S WERE BROUGHT IN THE SAME DAY NOVEMBER 3,2017. BEFORE LOOKING AT MY VEHICLE THE TECHNICIAN TOLD ME IT WAS THE VACUME PUMP BUT HE WOULD CALL ME BACK TO LET ME KNOW FOR CERTAIN. ONCE THEY LOOKED AT MY TRUCK HE SAID IT WAS THE VACUUM PUMP THAT NEEDED TO BE REPLACED AND IT WAS NOT UNDER WARRANTY. I DON'T UNDERSTAND HOW GM KNOWS ABOUT THIS ISSUE AND STILL DOES NOT RECALL IT, THIS CAN CAUSE MAJOR ACCIDENTS AND POTENTIALLY CAUSE A LIFE. IT'S OBVIOUS THERE IS A ISSUE WITH TJE VACUUME PUMPS IN TJE 2015 TAHOE'S AND GM NEEDS TO TAKE RESPONSIBILITY AND DO A RECALL BEFORE SOMEONE DIES BECAUSE THEIR BRAKES FAIL DUE TO A VACUUM PUMP NOT WORKING

69.     A consumer complaint dated 11/4/2017 and submitted to NHTSA states the following regarding a Class Vehicle: UPON DRIVING IN LOW SPEED, DRY CONDITIONS, BUMPER TO BUMPER TRAFFIC (LESS THAN 10MPH), MY 2015 CHEVROLET TAHOE LTZ'S BRAKES BECAME UNRESPONSIVE. AT THAT POINT, I PUT ALL MY WEIGHT ON THE BRAKES AND THE CAR CAME TO AN UNCALCULATED STOP. THIS PROBLEM PERSISTED AND DID NOT REMEDY ITSELF. THE DEALERSHIP NOTIFIED ME THAT THERE WAS A FAULTY BRAKE VACUUM PUMP, AND BRAKE BOOSTER, AND THAT IT FAILED BECAUSE OF MOISTURE PENETRATION. FURTHER, GENERAL MOTORS HAS ISSUED TECHNICAL BULLETIN PIT 5361A/B/C TO ADDRESS THIS KNOWN ISSUE. MY TAHOE HAS 59,000 MILES ON IT. AFTER FURTHER RESEARCH, THIS IS A KNOWN ISSUE BY GM AT THE TIME OF MY VEHICLE PURCHASE IN DECEMBER 2014 AND FURTHER, HAS BEEN ACKNOWLEDGED THROUGH TECHNICAL BULLETINS TO THE GM DEALERS. FURTHER, THERE ARE DOCUMENTED CASES WHERE INJURIES/WRECKS HAVE OCCURRED DUE TO THIS SPECIFIC ISSUE. THE GENERAL MOTORS COMPANY HAS BEEN NEGLIGENT IN ITS HANDLING OF THIS IMPORTANT SAFETY (NOT COSMETIC) ISSUE.

70.     A consumer complaint dated 11/11/2017 and submitted to NHTSA states the following regarding a Class Vehicle: WHILE DRIVING AT SLOW

SPEED IN SCHOOL PARKING LOT BRAKE PEDAL FAILED TO STOP VEHICLE WHEN USING NORMAL BRAKE PRESSURE. PEDESTRIAN IN FRONT OF VEHICLE JUMPED OUT OF THE WAY TO AVOID BEING STRUCK.

71.    A consumer complaint dated 11/16/2017 and submitted to NHTSA states the following regarding a Class Vehicle: PROBLEM STARTED AS BRAKES EXTREMELY DIFFICULT TO ACTIVATE WHEN TRAVELING IN REVERSE AT LOW SPEED (I AM APPROX 200 LBS AND HAD TO STAND ON BRAKES WITH EFFORT TO GET VEHICLE TO STOP). PROBLEM ALSO APPEARED IN LOW SPEED STOP AND GO OPERATION AS WELL AS WHEN BACKING AT A MODERATE SPEED OF APPROXIMATELY 10 MILES PER HOUR. WE HAVE HAD AT LEAST ONE OTHER VEHICLE IN OUR FLEET EXPERIENCE THIS ISSUE. IT WAS DETERMINED TO BE A FAILED VACUUM PUMP ON THAT VEHICLE. THIS VEHICLE WAS TAKEN TO DEALER AND THEY WERE UNABLE TO REPLICATE ISSUE. I UNDERSTAND THERE IS A GM TECHNICAL BULLETIN INVOLVING THIS ISSUE BUT NO OIL WAS FOUND IN VACUUM LINES. THE VEHICLE IS OUTSIDE OF WARRANTY SO THERE IS CHARGES EACH TIME WE BRING VEHICLE BACK. I WAS TOLD TO BRING VEHICLE BACK IF PROBLEM BECOMES WORSE. I FEEL A FAILURE OF BRAKES IS AN EXTEREME

SAFETY CONCERN IN NORMAL OPERATION AND ESPECIALLY IN HIGH SPEED EMERGENCY OPERATION OF THE VEHICLE. A SEARCH OF THE NHTSA SITE AS WELL AS INTERNET HAS REVELED NUMEROUS COMPLAINTS REGARDING THIS EXACT ISSUE. IT APPEARS THE COMMON REPLACEMENT IS THE BRAKE ASSIST AND VACUUM PUMP.

72. A consumer complaint dated 11/19/2017 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2015 CHEVROLET TAHOE. WHILE DRIVING APPROXIMATELY 25 MPH, THE STEERING WHEEL INADVERTENTLY PULLED TO THE RIGHT. WHILE ATTEMPTING TO DEPRESS THE BRAKE PEDAL, THE BRAKES FAILED TO STOP THE VEHICLE. AS A RESULT, THE CONTACT LOST CONTROL OF THE VEHICLE AND CRASHED INTO A PARKED VEHICLE. WHILE THE GEAR SHIFTER WAS IN REVERSE OR DRIVE, THE VEHICLE FAILED TO OPERATE. THE AIR BAGS DID NOT DEPLOY. THE TIRE PRESSURE AND EPS ASSIST WARNING INDICATORS ILLUMINATED. THE CONTACT SUSTAINED AN INJURY TO THE LOWER BACK, BUT NO MEDICAL ATTENTION WAS REQUIRED. A POLICE REPORT WAS NOT FILED. THE VEHICLE WAS TOWED TO GMI BROS. CHEVROLET (6101 W SLAUSON AVE, CULVER CITY, CA 90230 (424) 216-7400), BUT IT HAD NOT BEEN DIAGNOSED. THE VEHICLE WAS NOT REPAIRED. THE CONTACT

REFERENCED NHTSA CAMPAIGN NUMBER: 16V256000 (SUSPENSION). THE MANUFACTURER WAS NOTIFIED OF THE FAILURE AND THE CONTACT WAS PROVIDED CASE NUMBER: 8-3571350184. THE CONTACT WAS ADVISED TO CALL NHTSA. THE APPROXIMATE FAILURE MILEAGE WAS 25,400.

73.    A consumer complaint dated 12/8/2017 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2015 GMC YUKON. WHILE AT A DRIVE THRU WITH THE BRAKE PEDAL DEPRESSED TO THE FLOORBOARD, THE BRAKES FAILED. THE CONTACT HAD TO APPLY EXCESSIVE FORCE IN ORDER FOR THE VEHICLE TO STOP. THERE WERE NO WARNING INDICATORS ILLUMINATED. THE VEHICLE WAS TAKEN TO STARLING CHEVROLET BUICK GMC (1001 E IRLO BRONSON MEMORIAL HWY, ST CLOUD, FL 34769, PHONE: (407) 892-5144), BUT THE CAUSE OF THE FAILURE COULD NOT BE DETERMINED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOTIFIED AND STATED THAT THE FAILURE HAD TO BE DUPLICATED. THE APPROXIMATE FAILURE MILEAGE WAS 42,000. THE VIN WAS NOT AVAILABLE.

74.    A consumer complaint dated 12/12/2017 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A

2015 CHEVROLET SUBURBAN. WHILE DRIVING APPROXIMATELY 40 MPH, THE CONTACT ATTEMPTED TO APPLY THE BRAKES AND THE BRAKE PEDAL WOULD NOT DEPRESS. THE CONTACT HAD TO APPLY THE EMERGENCY BRAKE TO GET THE VEHICLE TO STOP. THE VEHICLE WAS NOT TAKEN TO THE DEALER. THE VEHICLE WAS DRIVEN TO AN INDEPENDENT MECHANIC WHERE IT WAS DIAGNOSED THAT THE MASTER BRAKE CYLINDER AND BRAKE BOOSTER FAILED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE VIN WAS UNKNOWN. THE FAILURE MILEAGE WAS 100,000.

75.     A consumer complaint dated 12/16/2017 and submitted to NHTSA states the following regarding a Class Vehicle: BRAKES BECAME EXTREMELY STIFF, AND POWER ASSIST WAS LOST. VEHICLE IS VERY HARD TO STOP, NEARLY CAUSING AN ACCIDENT SEVERAL TIMES. TOOK VEHICLE TO A SERVICE SHOP, AND FOUND OUT THAT THE VACUUM PUMP WAS DEFECTIVE AND CAUSED OIL TO ENTER MY BRAKE VACUUM AND BRAKE LINES. HAD TO ALL BE REPLACED.

76.     A consumer complaint dated 12/23/2017 and submitted to NHTSA states the following regarding a Class Vehicle: WHILE TRAVELING STRAIGHT AT 70 MPH ON THE HIGHWAY IN MY 2015 CHEVY SUBURBAN (62K MILES) THE VEHICLE EXPERIENCED A SUDDEN AND UNDETECTED

COMPLETE BRAKE SYSTEM FAILURE. AS I APPROACHED SLOWING TRAFFIC WITH THE CRUISE CONTROL ON, I TAPPED THE BRAKES TO DISENGAGE THE CRUISE CONTROL, ONLY TO FIND THAT THE BRAKE PEDAL WAS RIGID AND COULD NOT BE DEPRESSED. TO AVOID A COLLISION AT A HIGH RATE OF SPEED I SWERVED ONTO THE RIGHT SHOULDER WHILE USING TWO LEGS TO AGGRESSIVELY PUSH THE BRAKE PEDAL DOWN - ALL THE WHILE FEELING VERY LITTLE BRAKING ACTION. THE CAR CAME TO A STOP AFTER ABOUT 75 METERS. AT NO TIME BEFORE OR DURING THE EVENT DID THE CAR SIGNAL A BRAKING SYSTEM PROBLEM. IN FACT IT STILL SHOWED NO SYSTEM INDICATOR OF A BRAKE PROBLEM 3 DAYS LATER WHEN IT WAS DELIVERED TO THE DEALER FOR DIAGNOSIS. THE CAR HAS BEEN WELL MAINTAINED, HAVING JUST UNDERGONE A 60K MILE SERVICE AT THE DEALERSHIP. THE LACK OF THE VEHICLE'S RECOGNITION THAT A CRITICAL FAILURE IN THE BRAKING SYSTEM HAD OCCURRED POSED A SERIOUS AND IMMEDIATE THREAT TO PASSENGERS AND SURROUNDING TRAFFIC. AS A PHYSICIAN I CAN ATTEST THAT A COLLISION AT THAT SPEED WOULD HAVE SEVERELY INJURED OR EVEN KILLED THOSE INVOLVED. THIS PROBLEM WITH THE 2015 CHEVY SUB HAS REPORTED TO NHTSA BEFORE - THIS IS NOT AN

ISOLATED EVENT. THE SERVICE CENTER REPORTED TO ME THAT A VACUUM PUMP FAILURE WAS TO BLAME - I BELIEVE THIS IS A MORE COMPLEX ENGINEERING PROBLEM IN THAT THE VEHICLE DID NOT DETECT A PROBLEM DESPITE THE FAILURE CREATING A LIFE THREATENING SCENARIO. ALTHOUGH I PLAN TO IMMEDIATELY DISPOSE OF THIS CAR, FAILURE TO ADDRESS THIS PROBLEM BY THE MANUFACTURER WILL PUT OTHERS AT RISK IN THE FUTURE. GM APPEARS TO HAVE ISSUED A SERVICE BULLETIN THAT REFERS TO THIS PROBLEM (ATTACHED). I SINCERELY BELIEVE THIS DEFECT WILL RESULT IN LIVES LOST IF LEFT UNADDRESSED. INFORMATION REDACTED PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA), 5 U.S.C. 552(B)(6).

77.     A consumer complaint dated 12/28/2017 and submitted to NHTSA states the following regarding a Class Vehicle: I'M HAVING BRAKE BOOSTER FAILURE AT SLOW SPEEDS, THE BRAKE PETAL IS SUPER HARD TO PUSH DOWN AND IT ALMOST ISN'T ENOUGH TO MAKE THE TRUCK STOP ROLLING AT SLOW SPEEDS. TRUCK HAS RIGHT AT 43,XXX MILES ON IT AND IS NOT UNDER WARRANTY.

78.     A consumer complaint dated 1/5/2018 and submitted to NHTSA states the following regarding a Class Vehicle: AS WE WERE DRIVING FROM

ATLANTA TO MIAMI, WHEN WE WERE GETTING OFF THE HIGHWAY THE BRAKES ON OUR 2015 CHEVROLET SUBURBAN FAILED TO STOP AT 60 MILES PER HOUR, WE ALMOST REARED-ENDED AN EIGHTEEN-WHEELER; WITH OUR FAMILY OF FIVE AND OUR TWO DOGS ON BOARD! ALL FLUIDS HAD BEEN CHECKED ON THE CAR AND THE BRAKE PADS WERE RECENTLY CHANGED. WE JUST CALLED AND NOTIFIED CHEVROLET ABOUT THIS SAFETY ISSUE. WE ASKED IF THERE WERE ANY ISSUES AND/OR RECALLS ON OUR VEHICLE AND THE AGENT SAID THAT THERE WERE NO ISSUES OR RECALLS REGARDING THIS TYPE OF VEHICLE. WE MADE AN APPOINTMENT TO HAVE OUR CAR DIAGNOSED AS SOON AS POSSIBLE. AFTER RESEARCHING ONLINE WE FOUND NUMEROUS POSTS ON SEVERAL SITES FROM OTHER SUBURBAN OWNERS REPORTING THE SAME ISSUE WITH THEIR BRAKING SYSTEM NOT RESPONDING. WHAT WILL IT TAKE FOR CHEVROLET TO ACKNOWLEDGE THIS BRAKE FAILURE SYSTEM ISSUE?!?! SOMEONE TO GET KILLED?!?! PLEASE LOOK INTO THIS BRAKE FAILURE ISSUE AND ADDRESS IT PROMPTLY!!!

79.    A consumer complaint dated 1/12/2018 and submitted to NHTSA states the following regarding a Class Vehicle: TL* THE CONTACT OWNS A 2015 GMC YUKON. WHILE DRIVING APPROXIMATELY 5 MPH, THE BRAKE

PEDAL STIFFENED AND THE VEHICLE DID NOT STOP WHEN THE PEDAL WAS DEPRESSED. THERE WERE NO WARNING INDICATORS ILLUMINATED. THE CONTACT USED THE EMERGENCY BRAKE TO STOP THE VEHICLE. THE VEHICLE WAS TAKEN TO KEYES WOODLAND HILLS BUICK GMC (6133 TOPANGA CANYON BLVD, WOODLAND HILLS, CA 91367) WHERE IT WAS DIAGNOSED THAT THE VACUUM PUMP FAILED AND DAMAGED THE ENTIRE BRAKING SYSTEM. THE TECHNICIAN REPLACED THE VACUUM PUMP AND THE ENTIRE BRAKING SYSTEM. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE AND STATED THAT THERE WAS NO RECALL. THE FAILURE MILEAGE WAS 40,500.

80.    A consumer complaint dated 2/2/2018 and submitted to NHTSA states the following regarding a Class Vehicle: ISSUE REGARDING BRAKING SYSTEM AND INTERNAL FAILURE. COST TO REPAIR IS $1500 ON A 3 YEAR OLD CAR. GM HAS BEEN AWARE OF THIS ISSUE SINCE 2015. THEY ARE ALSO DEFENDANTS IN A CLASS ACTION LAWSUIT REGARDING THE BRAKES AND THE CATASTROPHIC FAILURE THAT WILL EVENTUALLY RESULT IN DEATH.

81.    A consumer complaint dated 2/6/2018 and submitted to NHTSA states the following regarding a Class Vehicle: MY 2015 CHEVROLET TAHOE LT

WOULD NOT STOP APPROACHING A MAJOR INTERSECTION. BRAKE
PEDAL BECAME HARD AND WOULD NOT COME TO A COMPLETE STOP
AT A MAJOR CITY INTERSECTION, NEARLY CAUSING AN ACCIDENT. I
WAS TOLD BY THE DEALERSHIP THAT THE VACUUM PUMP WILL NEED
TO BE REPLACED AT MY EXPENSE AND IT IS A COMMON OCCURRENCE
ON THIS YEAR AND MODEL . NOT ONLY IS THIS A SAFETY ISSUE, ITS A
COMMON PROBLEM AND A TECHNICAL BULLETIN HAS BEEN
RELEASED FOR THE REPAIR. THIS VEHICLE IS OUT OF THE BUMPER TO
BUMPER WARRANTY BUT IS STILL HOWEVER UNDER THE 1000,000
DRIVE TRAIN WARRANTY. GM NEEDS TO ADDRESS THIS PROBLEM
BEFORE SOMEONE GETS INJURED.

82.    A consumer complaint dated 3/5/2018 and submitted to NHTSA states
the following regarding a Class Vehicle: PLACING CAR IN REVERSE OR DRIVE
AT SLOW SPEEDS AND PRESSING BRAKES ALL THE WAY TO THE
FLOOR WITH THE VEHICLE NOT STOPPING. BRAKE SYSTEM WARNING
LIGHT WOULD COME ON. ISSUE COMES AND GOES WHEN IT PLEASES.
TAKING THE SUBURBAN TO DEALERSHIP TODAY. STARTED
HAPPENING AROUND 59000 MILES

83.    A consumer complaint dated 3/10/2018 and submitted to NHTSA states
the following regarding a Class Vehicle: BRAKES GOT HARD WHEN DRIVING

ONTO EXPRESSWAY TAHOE HAS ONLY 42000 MILES AND HEARD THERES BEEN ALOT OF ISSUES WITH THE VACUUM PUMP WHAT I HAVE READ.THERE NEEDS TO BE A RECALL

84.     A consumer complaint dated 3/13/2018 and submitted to NHTSA states the following regarding a Class Vehicle: I BEEN HAVING MY TRUCK FOR 2 YEARS AND BRAKES KEEP GOING OUT AND THE AIR CONDITION KEEPS GOING OUT. I HAVE TWO FRIENDS THE SAME VEHICLE WITH THE SAME PROBLEMS. THIS IS RIDICULOUS I SEE NO RECALLS ON THAT. AND I'VE SEEN ON THE REVIEWS OF THIS VEHICLE AND ITS NOT JUST ME THERE'S PEOPLE OUT THERE WITH THE SAME PROBLEM THAT I AM HAVING. THIS COULD CAUSE A REALLY BAD ACCIDENT THE BRAKES KEEP GOING OUT I AM NOT THE ONLY ONE WITH THIS PROBLEM. PLEASE TAKE IN CONSIDERATION THAT EVERYONE HAS FAMILIES. AND ACCIDENTS COULD CAUSE US TO LOSE OUR FAMILY JUST FOR A SIMPLE BRAKES THAT HAVE NOT BEEN RECALLED. AND ALSO, WE JUST CANNOT KEEP AFFORDING TO FIX THE AIR CONDITIONING THIS TRUCK IS NOT EVEN OLD ENOUGH TO BE GIVING US THESE PROBLEM. THANK YOU

85.     A consumer complaint dated 3/23/2018 and submitted to NHTSA states the following regarding a Class Vehicle: IN OCTOBER 2017 WE EXPERIENCED

BRIEF PERIODS WHERE BRAKE PEDAL BECAME RIGID AND IMPOSSIBLE TO DEPRESS. THE VEHICLE WAS TAKEN TO OUR LOCAL CHEVROLET DEALER. WE DESCRIBED IN DETAIL THE RIGID BRAKE PEDAL. THE DEALER WANTED TO DO PUT NEW BRAKE PADS AND TURN THE ROTORS. I THOUGHT IT WAS STRANGE THAT A VEHICLE WITH JUST OVER 40 THOUSAND MILES WOULD NEED NEW BRAKES, BUT WE HAD THE WORK DONE. THE DEALER ALSO WANTED TO REPLACE THE VACUUM HOSE WHICH POWERS THE BRAKE SYSTEM. THIS WORK WAS ALSO DONE. NEXT, ON FRIDAY MARCH 23, 2018 WE WERE TRAVELING ON AN INTERSTATE AT A HIGH SPEED WHEN THE BRAKE PEDAL BECAME IMPOSSIBLE TO DEPRESS. WE WERE VERY FORTUNATE NOT TO CAUSE A SERIOUS ACCIDENT. I HAD TO HAVE IT TOWED TO A DEALER AND RENT A CAR. THE FOLLOWING WEEK WE WERE CONTACTED BY THE DEALER DOING THE REPAIRS. OUR SUBURBAN HAD A VACUUM PUMP FAILURE. THIS CAUSED TOTAL BRAKE FAILURE. AFTER SOME RESEARCH I DISCOVERED THAT THIS VEHICLE'S ENGINE DOES NOT PRODUCE ENOUGH VACUUM TO POWER THE BRAKES (UNLIKE EVERY OTHER VEHICLE ON THE ROAD). IN ANY OTHER CAR THE ONLY WAY YOU LOSE SUCTION FOR YOUR BRAKES IS IF THE ENGINE STOPS. IN OUR SUBURBAN THE ENGINE CAN BE

RUNNING FINE AND YOU MAY OR MAY NOT HAVE BRAKES. THE WARNING SYSTEM IS TOTALLY USELESS AS IT ISN'T TRIGGERED UNTIL YOU EXPERIENCE TOTAL BRAKE FAILURE WITHOUT ANY WARNING. WHILE THE VEHICLE WAS IN THE SERVICE DEPARTMENT HAVING VACUUM PUMP REPLACED THE DEALER ALSO EXPLAINED THAT ALL FOUR MAGNETIC RIDE SHOCKS/STRUTS WERE LOCKED IN PLACE AND NOT FUNCTIONING AT ALL. THIS IS ANOTHER SERIOUS SAFETY ISSUE. I HAVE NEVER HEARD OF SHOCKS "LOCKING UP" . AFTER SOME MORE RESEARCH, I FOUND THIS IS A HUGE PROBLEM FOR GM VEHICLES. A PROBLEM THAT GM HAS FAILED TO ADDRESS. I HAVE ALSO HAD 3 MAJOR REPAIRS ON AC. INCLUDING NE AC LINES AND NEW COMPRESSOR.

86.    A consumer complaint dated 4/11/2018 and submitted to NHTSA states the following regarding a Class Vehicle: MY VEHICLE HAS EXHIBITED A KNOCKING NOISE ON THE LEFT DRIVER SIDE TIRE, PROBLEMS WITH VIBRATION AT HIGH SPEEDS, ENGINE LIGHT COMING ON IF DRIVING HIGHWAY SPEEDS, BRAKE ISSUES, BRAKES BECOME STIFF AND WILL NOT STOP VEHICLE WHATSOEVER! AT BOTH THIS HAPPENED TWICE WHILE MY CAR WAS IN MOTION NEARLY KILLING ME AND MY KIDS!!!

AIR CONDITIONING ISSUES AS WELL. BLOWS HOT AIR UNTIL YOU PLAY WITH BOTTOMS.

87.    A consumer complaint dated 5/13/2018 and submitted to NHTSA states the following regarding a Class Vehicle: WHEN DRIVING IN LOW SPEEDS - SUCH AS PARKING OR STOP/GO TRAFFIC MY BRAKES FAIL TO WORK. I TRY TO PUSH PEDAL DOWN AS HARD AS I CAN BUT BARELY SEEMS TO STOP. I HAVE HAD TO PUSH MY EMERGENCY BRAKE PEDAL MORE THAN ONCE TO STOP AN ACCIDENT FROM HAPPENING I ALSO HAVE A SMALL CHILD THAT I FEAR WILL BE HURT IF THE PROBLEM IS NOT FIXED. I HAVE TAKEN IT TO DEALERSHIP AND THEY SAY THEY CAN'T REPLICATE THE ISSUE THERE FORE CAN NOT FIX.

## CLASS ACTION ALLEGATIONS

88.    Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff will seek certification of a Class consisting of:

> **All consumers who purchased or leased in Florida a 2015 or newer Cadillac Escalade, 2014 or newer Chevrolet Silverado, 2015 or newer Chevrolet Suburban, 2015 or newer Chevrolet Tahoe, 2014 or newer GMC Sierra, or 2015 or newer GMC Yukon/Yukon XL.**

89.    Plaintiff incorporates herein all prior allegations. This action has been brought and may be properly maintained and certified as a Class Action because:

(a)    The questions and issues of law or fact are of a common or general interest, affecting the Class of individuals and the public at large;

(b)     The Class consists of a sufficiently large group of individuals, believed to exceed hundreds of thousands of members, and is so large that it is impractical to join all members of the Class before the Court as individual plaintiffs. The identity of Class members is readily ascertainable from various sources including GM's ownership records, GM's repair records, government ownership records, and/or via simple notice by publication;

(c)     The questions of law or fact common to the Class are substantially similar and predominate over those questions affecting only specific members of the Class, including: (1) Whether Class Vehicles were sold with the Class Defect; (2) Whether GM disclosed the presence of the Class Defect; and (3) Whether GM's failure to disclose the Class Defect caused Class Members to be damaged.

(d)     The Class is united by a community of interests in obtaining appropriate equitable relief including injunctive relief, recall of Class Vehicles, restitution, damages, and other available relief designed to redress the wrongful conduct of Defendant GM;

(e)     Plaintiff is a member of the Class and his claims are typical of the Class;

(f)     Plaintiff will fairly and adequately represent the claims of the Class, and protect the interests of each member of the Class without exercising

personal interest or otherwise acting in a manner inconsistent with the best interests of the Class generally;

(g)     Plaintiff's retained attorneys experienced in the litigation of class and representative claims and in the area of consumer protection litigation who have agreed to and will responsibly and vigorously advocate on behalf of the Class as a whole;

(h)     Without class certification, the prosecution of separate consumer actions by individual members of the Class would be impracticable and financially difficult, and create a risk of repetitive, inconsistent and varying adjudications. This would have the effect of establishing incompatible standards of conduct for GM, discouraging the prosecution of meritorious but small claims, and/or result in adjudications which would be dispositive of the interests of other Class Members not parties to the adjudication, or otherwise substantially impair the ability of Class Members to protect their rights and interests;

(i)     Defendant GM acted or refused to act on grounds generally applicable to the Class, thereby making the award of equitable relief and/or restitution appropriate to the Class as a whole;

(j)     The class action procedure is superior to other methods of adjudication, and specifically designed to result in the fair, uniform and efficient

adjudication of the claims presented by this complaint. This class action will facilitate judicial economy and preclude the undue financial, administrative and procedural burdens which would necessarily result from a multiplicity of individual actions.

90.     Because the damages suffered by each Class Member is relatively small compared to the expense and burden of prosecuting this compelling case against a well-financed, multibillion dollar corporation, this class action is the only way each Class Member can redress the harm that Defendant GM caused.

91.     Should individual Class Members be required to bring separate actions, Florida's courts would face a multitude of lawsuits that would burden the court system and create a risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale, and comprehensive supervision by a single court.

92.     The nature of notice to the proposed Class is contemplated to be by direct mail or, if such notice is not practicable, by the best notice practicable under the circumstance including email, publication in major newspapers and/or on the Internet.

**TOLLING AND ESTOPPEL**

93.     Any applicable statutes of limitations that might otherwise bar any of Plaintiff's claims and those of the Class are tolled by Defendant's knowing and active concealment of the defect in the Class Vehicles, and the safety risks resulting therefrom.

94.     Defendant, as the manufacturer of the Class Vehicles and therefore in a superior position to know of the material issues, was under a continuous duty to disclose to Plaintiff and members of the Class the true standard and quality of the Class Vehicles and to disclose the defect and the associated safety hazards. Defendant kept Plaintiff in the dark as to necessary information essential to the pursuit of his claims. Because of Defendant's cover-up, Plaintiff and Class Members could not have reasonably discovered the defect in their Class Vehicle. Defendant is therefore estopped from relying on any statutes of limitations in defense of this action.

## FIRST CLAIM FOR RELIEF
### (Florida Deceptive and Unfair Trade Practices Act)

95.     Plaintiff, individually and for the Class, hereby incorporates each and every allegation as though fully set forth herein.

96.     Plaintiff and the Class purchased the Class Vehicles.

97.     Defendant GM sold and continues to sell, and leased and continues to lease Class vehicles notwithstanding its awareness of the Class Defect and of the danger posed by the defective condition of the Class Vehicles' braking system.

98.    Florida enacted the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202(2).

99.    It declared unlawful any "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).

100.    Plaintiff and the Class are consumers as defined in FDUTPA. Fla. Stat. § 501.203(7).

101.    Defendant GM engaged in unfair, unconscionable, and deceptive acts or practices as defined by Fla. Stat. § 501.203(7).

102.    GM marketed and sold the Class Vehicles, and otherwise caused the Class Vehicles to be placed into and maintained in the stream of commerce for use by consumers in Florida, without disclosing the defect and serious safety hazards. While GM continues to conceal critical information regarding the defect and its associated dangers, consumers continue to use dangerous and patently unsafe vehicles, which are not safely useable for their intended purposes without recall and replacement of the defective braking system and related components with an effective redesign.

103.   GM had actual knowledge that the braking system in Class Vehicles was and is defective and patently unsafe with a high probability of injury or damage to Plaintiff and the Class. Despite its knowledge, GM pursued a course of conduct that resulted in damage to Plaintiff and the Class; alternatively, GM was so reckless or wanting in care that its conduct constituted a conscious disregard or indifference to the life, safety, or rights of Plaintiff and the Class.

104.   GM was and remains obligated to disclose its knowledge regarding the hazards associated with the Class Vehicles because of the public's reasonable expectation that their braking systems would not fail under reasonable and customary operation by drivers who did not know that a defective design could reasonably and expectedly impair the operation of the vacuum assist pump.  GM should have disclosed to consumers that the Class Vehicles have a defective braking system that may experience a sudden, unexpected change in braking ability, including compromised stopping distances, increasing the risk of a crash.

105.   GM's failure to disclose the material safety hazards associated with Class Vehicle's shared braking system continues to mislead consumers because the failure to disclose this safety hazard was and remains material to all owners of Class Vehicles.  GM, by and through its dealers, sales people and agents, has and continues to inform potential purchasers of Class Vehicles that they are safe, fit for the use for which they were intended, and merchantable.  Plaintiff, the Class, and

reasonable consumers attach significant importance and influence to the safety hazard posed by the defective braking system in making a decision to purchase, operate, and continuing to operate a Class Vehicle.

106.   Consumers have made complaints to the National Highway Traffic Safety Administration concerning the defect and to GM, including its dealers and agents. Those complaints document the severity of the problem and show that GM was or should have been aware of the defect and that GM has been put on notice but has failed to act.

107.   The sale or lease of the Class Vehicles constitutes a violation of FDUTPA in that GM's acts are unconscionable and constitute unfair or deceptive acts or practices.  In continuing to sell or lease the Class Vehicles, without informing potential buyers or lessees of the Class Defect, GM has also violated FDUTPA.

108.   GM's conduct and omissions described herein were unlawful within the meaning of FDUTPA and continue to violate Florida Statute §§ 501.201, *et seq*. Its conduct and omissions were likely to mislead a consumer acting reasonably in the circumstances and were immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

109.   Plaintiff and the Class have been damaged and suffered a loss by GM's unfair and deceptive trade practices because they paid for the Class Vehicles. Were it not for GM's unfair and deceptive trade practices, Plaintiff and the Class would

not have purchased or paid to warrant the Class Vehicles at all. The Plaintiff and Class sustained damages including, but not limited to, the difference in the market value of the Class Vehicles in the condition in which they were delivered, the market value in the condition in which they should have been delivered, and from the loss of use of their vehicles.

110.   The value of the Class Vehicles with a defective braking system is substantially less than the value of the vehicle would have had if the braking system was fully operational.  There is no requirement that a class member suffer physical injury in order to bring a claim under FDUTPA.  It is GM's duty to rectify the problem at this stage before there is injury or death as a result of the defect it created and perpetuated.

WHEREFORE Plaintiff and the Class seek full compensatory damages allowable by law, attorney's fees, costs, punitive damages, and appropriate equitable relief including injunctive relief, a declaratory judgment, a court order enjoining GM's wrongful acts and practices, restitution, the repair of all Class Vehicles, replacement of all Class Vehicles, the refund of money paid to own or lease all Class Vehicles, and any other relief to which Plaintiff and the Class may be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff and Class hereby demand trial by a struck jury of all issues

triable by right.

DATED: February 21, 2019        Respectfully submitted,

                                */s/ F. Jerome Tapley*
                                F. Jerome Tapley (FL Bar No. 0022066)
                                Hirlye R. "Ryan" Lutz, III (to apply *pro hac vice*)
                                Adam W. Pittman (to apply *pro hac vice*)
                                **CORY WATSON, P.C.**
                                2131 Magnolia Avenue South
                                Birmingham, Alabama 35205
                                Tel.:   (205) 328-2200
                                Fax:   (205) 324-7896
                                *jtapley@corywatson.com*
                                *rlutz@corywatson.com*
                                *apittman@corywatson.com*

                                James C. Wyly (to apply *pro hac vice*)
                                *jwyly@wylyrommel.com*
                                Sean F. Rommel (to apply *pro hac vice*)
                                *srommel@wylyrommel.com*
                                **WYLY~ROMMEL, PLLC**
                                4004 Texas Boulevard
                                Texarkana, Texas 75503
                                Tel.:   (903) 334-8646
                                Fax:   (903) 334-8645

                                Clay Barnett (to apply *pro hac vice*)
                                *clay.barnett@beasleyallen.com*
                                Archie Grubb (to apply *pro hac vice*)
                                *archie.grubb@beasleyallen.com*
                                **BEASLEY ALLEN**
                                4200 Northside Pkwy NW
                                Building One, Suite 100
                                Atlanta, GA 30327
                                Tel.:   (334) 269-2343
                                Fax:   (855) 674-1818

Paul R. Kiesel (to apply *pro hac vice*)
*kiesel@kiesel.law*
Jeffrey A. Koncius (to apply *pro hac vice*)
*koncius@kiesel.law*
Melanie M. Palmer (to apply *pro hac vice*)
*palmer@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.:   (310) 854-4444
Fax:   (310) 854-0812

*Attorneys for Plaintiff*