# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

JASON COMPTON, and all others
similarly situated,

                                     Case No. 1:19-cv-00033-MW-GRJ

      Plaintiff,

v.

GENERAL MOTORS LLC,

      Defendant.

_____ /

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's April 24, 2019 Initial Scheduling Order (Dkt. No. 22), counsel for the parties conferred by telephone on May 24, 2019.

In attendance on behalf of the Plaintiff were

F. Jerome Tapley
Adam W. Pittman
CORY WATSON, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
jtapley@corywatson.com
apittman@corywatson.com

Jeffrey A. Koncius
Melanie M. Palmer
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910

koncius@kiesel.law
palmer@kiesel.law

Archie Grubb
BEASLEY ALLEN
4200 Northside Pkwy NW
Building One, Suite 100
Atlanta, GA 30327
archie.grubb@beasleyallen.com

In attendance on behalf of General Motors was

Jared A. Levine
CROWELL & MORING LLP
590 Madison Ave., 20th Floor
New York, NY 10022
Tel: (212) 223-4000
Fax: (212) 223-4134
jalevine@crowell.com

The parties respectfully submit the following Joint Rule 26(f) Report:

## I.   TOPICS ADDRESSED PURSUANT TO RULE 26(F) OR THE ORDER

### A.   Magistrate Judge Jurisdiction (Order at ¶ 2(a)(i)):

The parties conferred on Magistrate Judge jurisdiction.

### B.   Nature and Basis of Claims and Defenses (Rule 26(f)(2); Order at ¶ 2(a)(ii)):

The parties discussed the nature and basis of claims and defenses and in

good faith attempted to identify the principal factual and legal issues in dispute.

**<u>Plaintiff's Statement on Claims and Defenses</u>**

Plaintiff contends that 2014/15 and newer GM trucks and SUVs (including

2

Chevrolet, GMC, and Cadillac vehicles) share a common defective component in each's braking system: the vacuum pump that provides "vacuum assist" to a vehicle's brake booster. Plaintiff contends that General Motors has extensive prior knowledge of the tendency of vacuum pumps to fail due to a common defect, and that vacuum pump failure results in a hard brake pedal and a sudden and unexpected compromise of a vehicle's stopping distance. Plaintiff brings a single claim pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 502.201 *et seq.* ("FDUTPA"), alleging that General Motors had a duty to disclose its vehicles' dangerous characteristics to consumers, but failed to do so. Plaintiff seeks to certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of all persons who purchased or leased a class vehicle in the State of Florida.

## **GM's Statement on Claims and Defenses**

GM denies plaintiff's allegations and has filed a motion to dismiss plaintiff's sole FDUTPA cause of action for failure to state a claim. GM specifically denies that there is any defect in the brake system of Class Vehicles or that Class Vehicles have any consumer safety issues. The Class Vehicles meet all federal motor vehicle safety standards for brake performance. GM provided guidance to independent, authorized GM dealerships on addressing Class Vehicles in the rare instances where a customer reports increased brake pedal effort.  GM also provided

extended warranty coverage for this issue in these vehicles for a period of 6 years or 72,000 miles to provide affected customers with repairs at no charge and reimbursement of previously paid repairs. GM has fulfilled all legal and contractual obligations to plaintiff and other consumers. GM denies that this action can be certified as a class action because plaintiff cannot meet the requirements of Rule 23.

This class action is the third one filed involving identical allegations about the brake system in the same population of GM vehicles. The first action filed by the same counsel in this action is *Peckerar et al. v. General Motors*, 5:18-cv-02153 (C.D. Cal) (filed October 9, 2018).  The second action filed by different counsel is *Quitno et al. v. General Motors*, 1:18-cv-07598 (N.D. Ill.) (filed November 16, 2018).  GM believes that this Court and the other two courts should assist the parties in coordinating discovery and any other matters that would increase the efficiencies and conserve the resources of the courts and the parties.

**Plaintiff's Principal Factual and Legal Issues**

- Whether Class Vehicles share a materially common design in their vacuum pumps;

- Whether General Motors had a duty to disclose the potential for, and consequences of, a failure of Class Vehicles' vacuum pumps under FDUTPA;

- Whether General Motors failed to make the allegedly required disclosures to Plaintiff and the Class;

- Whether Plaintiff and the Class Members suffered actual damages as a result

of General Motors' alleged nondisclosure;

- Whether this action is suitable for class treatment pursuant to FRCP 23 (b)(2) because General Motors has acted in a way that applies generally to the class, supporting injunctive or declaratory relief under FDUTPA; and

- Whether this action is suitable for class treatment pursuant to FRCP 23 (b)(3) because common questions of law and fact predominate over individual issues and a class action is a superior to individual litigation.

## GM's Principal Factual and Legal Issues

- Whether Plaintiff viewed any allegedly deceptive GM advertising or communications prior to purchasing his used vehicle;

- Whether any allegedly deceptive GM advertising or communications caused any actual injury or damages to Plaintiff;

- Whether Plaintiff's vehicle suffers from any alleged defect;

- Whether Plaintiff has any actual injury or damages as a result of any alleged defect;

- Whether Plaintiff's claim has been mooted by subsequent events;

- Whether the class vehicles suffer from a common design defect;

- Whether plaintiff can meet Rule 23 requirements for the certification of a class action.

### C.   Settlement, Resolution and ADR (Rule 26(f)(2); Order at ¶ 2(a)(iii)):

The parties discussed and will continue to discuss potential settlement and,

if they agree in the future that a mediator will be helpful, they will engage one.

### D.   Proposed timetables and cutoff dates for joinder, amendments and filing of motions (Order at ¶ 2(a)(iv)):

The parties propose the following schedule, amending the dates set forth in

the Court's Initial Scheduling Order:

| Deadline For Joinder Of Parties And Amendment Of Pleadings | September 1, 2019 |
|---|---|
| Last Day To File Plaintiff's Motion For Class Certification (and Expert Report on Class Issues, If Any) | March 31, 2020 |
| Last Day To File GM's Opposition To Certification Motion (and Expert Report on Class Issues, If Any) | 50 Days after Motion |
| Last Day To File Reply On Certification Motion | 21 Days after Opposition |

**E.    Discovery requirements, timing and phasing (Rule 26(f)(3); Order at ¶ 2(a)(v)):**

The parties propose that fact and expert discovery deadlines and dispositive motions be determined based on the Court's ruling on class certification as follows:

| Fact Discovery On Merits Issues Will Be Completed | 90 days after ruling |
|---|---|
| Plaintiff's Reports Of Merits Experts | 90 days after ruling |
| GM's Reports of Merits Experts | 135 days after ruling |
| All Parties' Rebuttal Reports of Merits Experts | 160 days after ruling |
| Expert Discovery Ends | 180 days after ruling |
| Parties File Dispositive Motions | 210 days after ruling |
| Oppositions To Dispositive Motions | 240 days after ruling |
| Replies On Dispositive Motions | 265 days after ruling |

The parties do not request any changes be made to the limitation on discovery pursuant to the Federal Rules of Civil Procedure.

6

The parties expect discovery in this complex litigation will require more time than the Court's Initial Order allowed due to the complication of the technical and engineering-related factual issues bearing on both the merits of this case and on the Court's rigorous analysis of class certification required by Rule 23. Discovery will also include requests for documents and information from third parties, including suppliers of relevant GM components, the National Highway Traffic Safety Administration, and putative class members.

1.    **Discovery Sought by Plaintiff**

Plaintiff believes discovery into the following topics will be necessary:

- The braking mechanisms at issue in the Class Vehicles, including their design, potential changes in design over time, and components;

- Failure analyses, if any, performed by General Motors' engineers and its non-party suppliers;

- The number of braking systems at issue and the number of manifestations of the defect at issue across hundreds of thousands of Class Vehicles;

- Whether Class Vehicles were sold with the Class Defect;

- Whether GM disclosed the presence of the Class Defect to consumers;

- Whether GM's failure to disclose the Class Defect caused Class Members to be damaged.

## 2.   **Discovery Sought by GM**

GM anticipates taking discovery of plaintiff and any experts (including depositions, interrogatories, document requests, and requests for admission) on subjects including but not limited to the following:

- Plaintiff's purported damages, including any attempts to sell his vehicle, any efforts to seek repairs or servicing for his vehicle, and the current condition of his vehicle.

- Plaintiff's contracts with the dealerships from whom he purchased his vehicle and any other materials he received relating to his vehicle.

- Plaintiff's maintenance and operation of his vehicle, including all services obtained under any warranty for his vehicle.

- Plaintiff's communications about his vehicle, including with GM and others.

- Plaintiffs' past history of vehicle ownership.

GM also anticipates taking discovery relevant to plaintiff's proposed motion for class certification, including whether plaintiff satisfies the requirements of Rule 23(a) and (b)(3).  This class discovery will include discovery of plaintiff, relevant experts, and absent class members to assemble a factual record demonstrating that any questions of fact or law common to the proposed class do not predominate over questions affecting only individual members, as required by Rule 23(b)(3),

and a class action is not the superior method to resolve any disputes and is not manageable. As part of putative class member discovery, GM proposes to take up to 10 depositions of putative class members, with the permission of the Court. Class discovery will also focus on whether the named representative plaintiff is an adequate representative of the class and whether his claims are typical.

**F.      Production of information from electronic or computer-based media (Rule 26(f)(3); Order at ¶ 2(a)(vi)):**

The parties discussed issues relating to electronically stored information and they anticipate the disclosure of ESI in this case, which should be governed as follows:

1.      Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business, including data under the custody or control of the parties as contemplated by Rule 26;

2.      If there is data that is beyond what is reasonably available to the parties in the ordinary course of business, the Parties will discuss the anticipated scope, cost and time required for its disclosure or production, and who will bear the cost;

3.      The parties will confer in good faith to reach agreement on a stipulated protocol for the production of ESI;

4.      The parties discussed the preservation of potentially discoverable data and information and custodians and agree that reasonable measures will be taken to

preserve such electronically stored information in accordance with the Federal Rules of Civil Procedure;

5.      With regard to Rule 26(f)(3)(D)'s requirement that the parties discuss claims of privilege or work product protection, the parties agree that any party that withholds or redacts a document, in whole or in part, based on a claim of privilege or work product protection will follow an agreed procedure set forth in a stipulated protective order. The parties will confer in good faith in an attempt to reach agreement on a stipulated protective order.  GM's position is that it needs a protective order entered to protect its confidential information and documents before production is made. With regard to inadvertent disclosure, the parties agree and acknowledge their relevant obligations to return privileged materials, and will incorporate an agreed-upon clawback provision in a stipulated protective order;

6.      The parties do not anticipate at this time any problems which might arise in connection with electronic or computer-based discovery. To the extent an issue arises regarding electronic discovery with regard to scope, cost, and time required, the parties will work together in good faith to resolve such issues. The parties further agree that reasonable measures will be taken to preserve such electronically stored information in accordance with the Federal Rules of Civil Procedure.

**G.      Good faith estimate as to trial date (Order at ¶ 2(a)(vii)):**

As Plaintiff seeks certification of a class, the decision on that motion will impact the timing for the completion of fact discovery, dispositive motions, and trial. To allow sufficient time for discovery, dispositive motions, and, if necessary, appeals and notice to putative class members, the parties suggest a trial date after June 28, 2021.

**H.      Other matters to be raised (Order at ¶ 2(a)(viii)):**

The parties agree that papers not served through ECF may be served by electronic means on all parties in accordance with Rule 5(b)(2)(E). For the purposes of clarity, papers within the scope of Rule 4 must be served in accordance with that Rule.

The Parties do not see the need to raise any other matters with regard to specific aspects or the uniqueness of this case, including any applicable subject within Rule 16(c).

**I.      Use of Manual for Complex Litigation (Order at ¶ 2(a)(ix)):**

The parties agree that this case should be governed by the Manual for Complex Litigation with respect to the coordination of discovery in this action with the two previously filed class actions identified above. The parties are currently working to negotiate coordination of discovery across all three cases.

**J.      Timing of Initial Disclosures (Rule 26(f)(2); Order at ¶ 2(b)):**

The parties will serve their Rule 26(a)(1) initial disclosures by email consistent with the Court's Initial Scheduling Order.

DATE: June 7, 2019

/s/ F. Jerome Tapley
F. Jerome Tapley, FL Bar No. 0022066
Hirlye R. "Ryan" Lutz, III, PHV
Adam W. Pittman, PHV
**CORY WATSON, P.C.**
2131 Magnolia Avenue South
Birmingham, AL 35205
Tel.:   (205) 328-2200
Fax:   (205) 324-7896
jtapley@corywatson.com
rlutz@corywatson.com
apittman@corywatson.com

*Attorneys for Plaintiff Jason Compton*

/s/ Kathleen Taylor Sooy
Kathleen Taylor Sooy (PHV)
Jared A. Levine (PHV)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5611
ksooy@crowell.com
jalevine@crowell.com

Ginger Barry Boyd
Florida Bar Number 294550
NELSON   MULLINS   RILEY   &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
Telephone: (850) 205-3356
Facsimile: (850) 521-1472
ginger.boyd@nelsonmullins.com

*Attorneys for General Motors LLC*